**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000310**
**04-MAR-2026**
**08:00 AM**
**Dkt. 66 SO**

NO. CAAP-24-0000310

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

K.M., Petitioner-Appellant, v.
CHILD SUPPORT ENFORCEMENT AGENCY, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3FAL-22-0000002)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

**K.M.**, representing himself, appealed an Office of Child Support Hearings (**OCSH**) decision to the Family Court of the Third Circuit. The Family Court dismissed the appeal because K.M. did not comply with **Rule 72** of the Hawaiʻi Family Court Rules (**HFCR**).[1] K.M. appeals. We affirm.

As it relates to this case, HFCR Rule 72 (eff. Apr. 25, 2022) provides:

> **Rule 72. APPEAL TO THE FAMILY COURT.**
>
> **(a) How taken.** Where a right of appeal to the family court is allowed by statute, any person or party allowed by statute may appeal from such decision, order or action by filing a notice of appeal in the family court having jurisdiction of the matter. As used in this Rule, the term "appellant" means any person or party filing a notice of appeal, and "appellee" means every governmental body or official (other than a court) whose decision, order or action is appealed from, and every other party to the proceedings.
>
> . . . .

---

[1] The Honorable Jeffrey W. Ng presided.

> **(c)** **Service**. Promptly after filing the notice of appeal, the appellant shall serve a copy thereof upon each appellee.

> **(d)** **Record on appeal**.

> (1) DESIGNATION. The appellant shall, concurrently with filing the notice of appeal or no later than 10 days after filing the notice of appeal, file with the clerk of the court either conventionally or through JEFS a Designation of Record on Appeal (the "Designation"). The Designation shall specify the documents, transcripts, minutes, and exhibits ("the designated materials") that the appellant desires to be filed in the family court in connection with the appeal.

> The appellant shall fill out an Order for Certification and Transmission of the Record form, provided by the family court, which shall command the governmental official or body whose decision, order or action is appealed from (the "agency"), to certify and transmit the designated materials to the family court no later than 20 days following service of the filed "Order for Certification and Transmission of the Record" or within such further time as may be allowed by the family court. . . .

K.M. opened the family court case by filing a *Notice of Appeal*. He attached an unsigned copy of a document titled *Administrative Findings and Order*, and a copy of an *Order Recalling Administrative Hearing* dated June 3, 2022, apparently signed by an OCSH hearings officer.

The Order Recalling Administrative Hearing recited that a hearing took place on June 2, 2022, by conference call. K.M., the responsible parent, attended. So did **J.P.**, the custodial parent, and a Child Support Enforcement Agency (**CSEA**) representative. At the hearing, OCSH ordered that K.M. pay child support of $88.00 per month starting on February 1, 2022. However:

> The hearing was recorded but due to a technical error, no recording could be located after the hearing. To correct this situation, the hearing is being recalled to July 28, 2022, at 9:00 a.m. so that a record can be made.

It appears K.M. intended to appeal either OCSH's June 2, 2022 oral order to pay child support, or OCSH's June 3, 2022 order recalling the June 2, 2022 hearing.

2

K.M.'s Notice of Appeal was filed on June 28, 2022. It named CSEA as the respondent. Under HFCR Rule 72(a), OCSH and J.P. should have been named as appellees. The Notice of Appeal should have been served on CSEA, OCSH, and J.P. under HFCR Rule 72(c), but K.M.'s certificate of service stated it was mailed to the Family Court only.

Under HFCR Rule 72(d)(1), K.M. was supposed to have filed a Designation of Record on Appeal that specified the documents, transcripts, minutes, and exhibits he wanted OCSH to certify and file with the Family Court. It was due on July 8, 2022. K.M. never filed one.

Instead, on July 10, 2023, K.M. tendered *Appellant's Opening Brief* to officials at Saguaro Correctional Center.[2] *Petitioner's Supplimental* [sic] *Memorandum* was filed by the Family Court on August 21, 2023. K.M.'s *Motion for Summary Judgment* was filed by the court on October 10, 2023. The court filed K.M.'s letter requesting default (because no one responded to his filings) on December 11, 2023. The court filed his *Motion for Hearing* on February 2, 2024.

CSEA filed a *Request to Dismiss Appeal* on February 6, 2024. It argued that K.M. did not file the Designation of Record on Appeal required by HFCR Rule 72(d), the ten-day deadline had expired, and K.M. did not request an extension of time to comply.

K.M.'s *Motion to Reject Appellees* [sic] *Request to Dismiss and Grant Appellants Motion for Hearing Filed Feb. 2, 2024* was filed by the Family Court on February 27, 2024. From what we can discern, K.M. argued: the request should have been made by motion and is "unsupported by common law"; CSEA had to file an answering brief within forty days after he served his opening brief under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(c); the documents attached to his Notice of Appeal were

---

[2] The family court clerk filed the brief on July 18, 2023, but it is deemed filed on July 10, 2023, the date K.M. tendered it to prison officials. <u>Setala v. J.C. Penney Co.</u>, 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002). K.M. is serving a sentence of life imprisonment without the possibility of parole for attempted murder in the first degree of a law enforcement officer.

"a brief description with exhibits included, of the facts in connection to the appeal[; t]here is no need to re-file what exists on record"; and "[t]hen or no time later, was [he] provided an 'Order for Certification and Transmission of the Record' form by the court clerk as provided by HFCR 72."

The Family Court entered an order dismissing K.M.'s appeal on February 28, 2024.  K.M. appealed.  A *Judgment* was entered on July 22, 2025, on a temporary remand.

K.M.'s opening brief contends that "[t]he family court erred by [(1)] failing to analyze the agency's findings and conclusions for error, [(2)] failing to respond to [K.M.'s] motions and [(3)] failing to enter default against appellees[.]"

**(1)**  K.M. argues that the attachments to his Notice of Appeal, although not titled "designation," constituted the agency record on appeal.  K.M. seems to misread HFCR Rule 72(d).  The rule does not require, or allow, K.M. to file the record on appeal himself.  It requires that K.M. specify the material he desires OCSH "to certify and transmit . . . to the family court" for the record on appeal.

K.M. argues that "the family court failed to exercise its power and communicate with [him] to fulfill transmission of record in respect to Rule 72 and consideration of his pro se status."[3]  K.M. seems to misunderstand HFCR Rule 72(d)(1).  It says the appellant "shall fill out an Order for Certification and Transmission of the Record form, provided by the family court[.]"  That doesn't mean the family court had to send the form to him.  The form is available to the public on the Judiciary's website.[4]

"The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error."

---

   [3]   During a hearing on May 17, 2023, the Family Court and counsel for CSEA gave K.M. basic information about correcting the procedural deficiencies in his appeal.

   [4]   See HRCP Forms 29A-29D (Oct. 2012), https://www.courts.state.hi.us /docs/form/statewide forms/HRCP Forms 29A 29D.pdf [https://perma.cc/3YFN-CH2T] (last visited Mar. 2, 2026).

Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995).  K.M. did not furnish the Family Court with the certified agency record from which it could analyze OCSH's findings and conclusions for error.

**(2)**  We construe K.M.'s second point of error to say the Family Court erred by not ruling on K.M.'s motions for summary judgment and for a hearing.  The Family Court's dismissal of K.M.'s appeal for not complying with HFCR Rule 72 effectively denied those motions, because there was no agency record for the Family Court to review to conduct a hearing on, or to decide, a motion for summary judgment.

**(3)**  K.M. argued that CSEA should have been defaulted because it had to file an answering brief within forty days after he filed his opening brief with the Family Court under HRAP Rule 28(c), but didn't.  HRAP Rule 28(c) doesn't apply to family court proceedings under HFCR Rule 72.  See HRAP Rule 1.

Instead, HFCR Rule 72.1(a) states: "The court shall issue a briefing schedule[.]"  The Family Court did not issue a briefing schedule.  There was no deadline for K.M. to file an opening brief, or for anyone to file an answering brief.

The Family Court did not err by dismissing K.M.'s appeal.  The Family Court's July 22, 2025 *Judgment* is affirmed.  K.M.'s December 26, 2025[5] motion for retention of oral argument is denied.

DATED: Honolulu, Hawaiʻi, March 4, 2026.

On the briefs:

K.M., Petitioner-
Appellant.

Jorge Keoki R. Cadiz,
Deputy Attorney General,
State of Hawaiʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[5]  The envelope transmitting K.M.'s motion to the supreme court clerk's office does not contain a legible date of receipt by prison officials.  The certificate of service is dated December 18, 2025, within ten days of our December 8, 2025 order of no oral argument.  We deem the motion to have been timely filed.